# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| TIMOTHY MOORE, | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) Case No. CIV-13-1121-F |
| CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration, | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration denying Plaintiff's applications for benefits under the Social Security Act. This matter has been referred to the undersigned magistrate judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B)-(C). The Commissioner has answered and filed the administrative record (hereinafter TR. \_\_\_\_). The parties have briefed their positions, and the matter is now at issue. It is recommended that the Commissioner's decision be **REVERSED AND REMANDED** for further consideration consistent with this Report and Recommendation.

### I. Procedural Background

Plaintiff's applications were denied initially and on reconsideration. Plaintiff requested an administrative hearing, and his request was granted. On May 31, 2012, Plaintiff appeared at a hearing before Judge Peter M. Ketch. Because Judge Ketch was

unavailable to complete a decision regarding Plaintiff's disability, the case was reassigned to Kenton W. Fulton. (TR. 16-17). Judge Fulton reviewed the evidence, including the testimony at the administrative hearing, and determined that no further hearing was necessary. (TR. 17). Judge Fulton (hereinafter ALJ) issued an unfavorable decision. (TR. 17-26). The Appeals Council denied Plaintiff's request for review. Thus, the decision of the ALJ became the final decision of the Commissioner. This judicial appeal followed.

## II. The ALJ's Decision

The ALJ followed the sequential evaluation process required by agency regulations. *See Fisher-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005); 20 C.F.R 404.1520; 416.920. The ALJ first determined that Plaintiff had not engaged in substantial gainful activity since May 30, 2009, the alleged onset date. At step two, the ALJ found that Plaintiff has the following severe impairments: diabetes mellitus with neuropathy, depression, anxiety, arthritis, blindness in the left eye, and a history of polysubstance abuse in remission. The ALJ next found Plaintiff's impairments do not meet or medically equal any of the presumptively disabling impairments listed at 20 C.F.R. Part 404, Subpart P, Appendix 1. (TR. 19).

At the first phase of step four, the ALJ assessed Plaintiff's residual functional capacity (RFC):

> After careful consideration of the entire record, the administrative law judge finds that the claimant has the residual functional capacity to perform less than a full range of light work as defined in 20 CFR 404.1567 (b) and

> 416.967(b). The claimant can occasionally lift and/or carry including upward pulling 20 pounds; the claimant can frequently lift and/or carry including upward pulling 10 pounds; the claimant can stand and/or walk with normal breaks for a total of about six hours in an eight-hour workday; the claimant can sit with normal breaks for a total of about six hours in an eight-hour workday; the claimant's ability to engage in pushing and/or pulling is unlimited other than shown for lifting and/or carrying. The claimant can occasionally engage in climbing, balancing, stooping, kneeling, crouching, and crawling. The plaintiff has no manipulative, visual, communicative, or environmental limitations. The claimant can do simple one to two step jobs with routine supervision, relate to coworkers and supervisors on a superficial work basis; cannot relate to the general public; and can adapt to a work situation.

(TR. 20).

At the second phase of step four, the ALJ identified Plaintiff's past relevant work as warehouse worker, lawn worker, and technician. Because all of these jobs require medium to heavy exertional levels, the ALJ determined at the third phase of step four that Plaintiff cannot perform his past relevant work. (TR. 24-25).

At the fifth step of the sequential evaluation, the ALJ relied on the testimony of a vocational expert (VE) and determined that Plaintiff can perform other work existing in sufficient numbers in the national economy. The VE identified four such jobs, hand packager, mental [sic] cleaner, and laundry folder. Accordingly, the ALJ found Plaintiff not disabled. (TR. 25-26).

### III.  Issue Presented

Plaintiff contends the ALJ's unfavorable decision is not supported by substantial evidence because the ALJ's opinion is internally inconsistent.

3

### IV. Standard of Review

This Court reviews the Commissioner's final "decision to determin[e] whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Wilson v. Astrue*, 602 F.3d 1136, 1140 (10th Cir. 2010). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quotation omitted).

### V. Analysis

As noted above, the ALJ who composed the unfavorable decision did not hold a supplemental administrative hearing. The ALJ originally assigned to this case held the administrative hearing, but he was unable to issue a decision. The rules[1] governing this unusual situation give the newly-assigned ALJ the discretion to hold a supplemental hearing. But such a hearing is not required:

> For example, another hearing would be necessary if relevant
> vocational expert opinion was not obtained at the hearing,
> or the claimant alleges disabling pain, and the ALJ believes
> the claimant's credibility and demeanor could be a significant
> factor in deciding the case.

(TR. 17). The ALJ stated that he had reviewed the evidence including the audio recording of the hearing and had determined that another hearing was not necessary because the "relevant vocational expert opinion was obtained at the hearing," and "the claimant's credibility and demeanor" is not "a significant factor in deciding the case." (TR. 17).

---

[1] The Commissioner identifies the source of this procedure as the Hearings, Appeals, and Litigation Law Manual (HALLEX) section I-2-8-40. (ECF No. 12:5).

The ALJ did make a credibility finding in this case. Plaintiff contends that making a credibility assessment is inconsistent with the ALJ's finding that a supplemental hearing was unnecessary. But the ALJ based his credibility assessment solely on medical evidence in the record. (TR. 24), and his credibility assessment is supported by substantial evidence in the record. Plaintiff has not demonstrated his testimony or demeanor at a supplemental hearing would have affected the ALJ's decision. This perceived inconsistency does not require remand.

But the second alleged internal inconsistency does require remand. The issue is whether Plaintiff's visual acuity limits Plaintiff's ability to perform some jobs. At step two of the sequential evaluation, the ALJ listed Plaintiff's blindness in the left eye as a "severe impairment." (TR. 19). In his residual functional capacity assessment, however, the ALJ stated, "The claimant has no manipulative, *visual*, communicative, or environmental limitations." (TR. 20) (emphasis added). An explanation should be provided when, as here, an impairment found to be severe at step two is determined to be insignificant in later stages of the sequential evaluation. *See Timmons v. Barnhart,* 118 Fed. Appx. 349, 353 (10th Cir. 2004) (finding the ALJ should have "explained how a 'severe' impairment at step two became 'insignificant' at step five.").

This inconsistency is reversible error. Common sense dictates a person with 20/50 visual acuity in his good eye, and 20/200 visual acuity in his other eye would have some visual limitations. But here, after stating Plaintiff has no visual limitations, the ALJ then attempted to demonstrate that Plaintiff's intellectual ability is not disabling

5

by citing Dr. White's finding that Plaintiff's "low IQ score" was *"due to the claimant's vision and not his intellectual capacity."* (TR. 24) (emphasis added). It stands to reason that if a person's visual acuity affects the results of an IQ test, then that person is not free of visual limitations.

The Commissioner attempts to salvage the ALJ's decision by arguing Plaintiff's visual acuity does not meet the listing for blindness. The Commissioner's reliance on this argument fails. The issue is not whether Plaintiff meets a listing, but whether Plaintiff's visual acuity limits his ability to perform certain jobs. This inconsistency requires remand.

## RECOMMENDATION

Having reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the ALJ, and the pleadings and briefs of the parties, the undersigned magistrate judge finds that the decision of the Commissioner should be **REVERSED AND REMANDED** for further consideration consistent with this Report and Recommendation.

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to file specific written objections to this Report and Recommendation. *See* 28 U.S.C. §636 and Fed. R. Civ. P. 72 . Any such objections should be filed with the Clerk of the District Court by **March 9, 2015**. The parties are further advised that failure to make timely objection to this Report and

Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

## STATUS OF REFERRAL

This Report and Recommendation terminates the referral by the District Judge in this matter.

**ENTERED** on February 23, 2015.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE